122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Valentin Adrian FLOREA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71066.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Aug. 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Agm-vqa-eka.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Valentin Adrian Florea, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's factual determination of eligibility for asylum under the substantial evidence standard. See Prasad v. INS, 47 F.3d 336, 338-39 (9th Cir.1995). We must uphold the BIA's denial of asylum unless Florea demonstrates that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 484 (1992).
 
 
 4
 Florea contends that the BIA erred in finding that he did not establish eligibility for asylum. This contention lacks merit.
 
 
 5
 To establish eligibility for asylum, Florea must show that he either suffered past persecution or has a well-founded fear of future persecution on account of political opinion. See Prasad, 47 F.3d at 338. To establish a well-founded fear of persecution, Florea must show both that he genuinely fears persecution and that his fear is objectively reasonable. See id.
 
 
 6
 Florea testified that in 1990, when he was 15 years old, he and his father participated in a large demonstration protesting low wages. When the demonstration became violent, he crossed police lines and was arrested, detained for three days, and physically abused but not seriously injured. After the arrest, Florea remained in Romania for three years without incident, except for a threat that he would never get a passport. He testified that he fears that if he is returned to Romania, he will be arrested for evasion of military service.
 
 
 7
 Florea's arrest and mistreatment were not sufficient to establish past persecution. See Prasad, 47 F.3d at 339-40 (holding that one arrest, brief detention and non-serious physical abuse did not constitute past persecution); Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987) (four day detention was not sufficient to constitute past persecution). Further, Florea has not established that his fear of future persecution is "on account of" political opinion. See Elias-Zacarias, 502 U.S. at 482 (holding that fear of persecution for avoidance of military conscription is not by itself "on account of" political opinion). Moreover, he has not established that he has a reasonably objective fear of persecution, because the State Department Country Report and Profile of Asylum Claims and Country Conditions indicate that political conditions have changed markedly in Romania since 1990. See Kazlauskus v. INS, 46 F.3d 902, 905 (9th Cir.1995) (describing the Country Reports as most reliable and perhaps best resource for information on political situations in foreign nations). There is no evidence that the Romanian government had any continuing interest in Florea in the three years he remained there following his arrest. See Aruta v. INS, 80 F.3d 1389, 1395 (9th Cir.1996) (considering evidence that petitioner lived without incident in the zone of danger for two years as supporting denial of asylum); Prasad, 47 F.3d at 338. The only incident Florea could point to--the threat that he would never get a passport when he already had one--is not sufficient to support his claim. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1989) (per curiam) (government issuance of passport undercuts well-founded fear of persecution). Also, the fact that Florea's parents continue to reside in Romania without incident further undermines Florea's claim that his fear of persecution is well-founded. See id.
 
 
 8
 Accordingly, because the evidence presented does not compel the conclusion that Florea suffered past persecution or has a well-founded fear of future persecution, Florea has not established eligibility for asylum. See Elias-Zacarias, 502 U.S. at 482; Prasad, 47 F.3d at 338.
 
 
 9
 Because Florea did not meet the lower standard for asylum, he could not meet the higher standard for withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3